UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EXCLUSIVE GROUP, LLC ) | |
| d/b/a BINATONE NORTH AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-cv-375 |
| ) | |
| THE MERCHANT OF TENNIS, INC. and ) | |
| JEFF GREEN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendants based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Defendants' Notice of Removal, however, is woefully inadequate to establish this Court's diversity jurisdiction.

To begin, the Defendants make many of their jurisdictional allegations on information and belief. However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). The Defendants must therefore amend their Notice of Removal to make all jurisdictional allegations on personal knowledge.

The Defendants must next amend their Notice of Removal to address the corporate form of the Plaintiff. The Plaintiff is initially named as a limited liability company, but the Defendants also allege that the Plaintiff is doing business under the name Binatone North

America and that Binatone is an Indiana corporation. (Notice of Removal ¶¶ 1, 3.) The Defendants must therefore first amend their Notice of Removal to specify the Plaintiff's true corporate form: either a limited liability company or a corporation.

If the Plaintiff is in fact a limited liability company, the Court must be advised of the citizenship of each of its members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."). *See also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

If, however, the Plaintiff is a corporation, the Defendants must nevertheless amend their Notice of Removal to establish the Plaintiff's citizenship. Corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). The Defendants have alleged that the Plaintiff is an Indiana corporation doing business in Hamilton County, Indiana and Marion County, Indiana, but they must also allege the Plaintiff's *principal place of business*.

Similarly, the Defendants have alleged that Defendant Merchant of Tennis has its principal place of business and headquarters in California. (Notice of Removal ¶ 4.) However, the Defendants have failed to provide the state of incorporation of Defendant Merchant of Tennis and must amend their Notice of Removal to do so.

Finally, the Defendants allege that Defendant Jeff Green is a resident of the state of California. However, the "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot*, 469 F.3d at 677-78. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). Accordingly, the Defendants must amend their Notice of Removal to allege the citizenship of Defendant Jeff Green.

To summarize, the Defendants are ORDERED to file an amended Notice of Removal forthwith, properly alleging on personal knowledge the citizenship of the Plaintiff and both Defendants.

SO ORDERED.

Enter for October 29, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge